HIRSH, TRUSTEE, ET AL., APPELLANTS, *v.* CANADIAN PACIFIC RY. CO., APPELLEE.

(No. 3822—Decided December 8, 1941.)

*Mr. Edward Lamb* and *Mr. Lowell Goerlich,* for appellants.

*Messrs. Williams, Eversman & Morgan,* for appellee.

LLOYD, J.   On July 3, 1939, Harry B. Hirsh, as trustee, and Fred H. Hawley, commenced an action in the Court of Common Pleas against the Canadian Pacific Railway Company to recover an amount claimed due as interest on certain bonds of the Minneapolis, St. Paul & Sault St. Marie Railway Company.  The bonds were of a series of bonds dated July 18, 1888, and maturing July 1, 1938.  They were secured by a mortgage or trust deed, to which reference is made therein.  On March 27, 1941, Hirsh, on his motion granted by the court, withdrew from the action as a party plaintiff therein, the cause thereafter being prosecuted by Hawley alone, who filed an amended petition claiming in his first cause of action therein to be the owner of twenty-one of the bonds of the issue aforesaid, the payment of interest upon which, it is alleged, was

guaranteed by the defendant railway company. In a second cause of action in his amended petition, Hawley seeks a judgment for interest on four bonds, the only difference between them and those described in the first cause of action being the rate of interest. The Minneapolis, St. Paul & Sault St. Marie Railway Company defaulted in the payment of the bonds at maturity. The Canadian Pacific Railway Company paid, when due, whatever interest was due and payable prior to the maturity of the bonds, and, claiming that by the terms of the bonds as pleaded in the amended petition it was not liable for interest thereafter accruing, it filed a general demurrer which was sustained by the Court of Common Pleas, followed by dismissal of the amended petition at the costs of the plaintiff Hawley. From this judgment Hawley appeals on questions of law.

The bonds in question provide that the principal thereof is payable on July 1, 1938, with interest thereon at the rate of 5 per cent (4 per cent on those described in plaintiff's second cause of action) payable at its agency (Central Trust Company of New York, trustee of the mortgage securing the bonds) semi-annually on the first days of January and July in each year, upon presentation of the annexed coupons as they severally become due.

The foregoing is all that is recited in the bonds as to the payment of interest.

On the bonds described in the first cause of action appears the following:

"For value received, The Canadian Pacific Railway Company, hereby guarantees the payment of the interest on this bond at the rate of five per cent (5%) per annum at the place and time therein stated.

"In witness whereof, the said company has caused this. guarantee to be subscribed by its secretary pur-

suant to resolution of its board of directors dated May 6, 1925."

The guaranty on those described in the second cause of action is different in phraseology, but the effect and meaning thereof is the same.

It was alleged in the petition filed by Hirsh and Hawley, which allegations were stricken from the petition on motion of the defendant, that a prospectus issued by defendant represented to prospective buyers of the bonds that they were being sold, secured by the credit and backing of the defendant with interest guaranteed, and that the payment of the interest was guaranteed unconditionally by the defendant. Also, there was stricken from the petition the allegation that:

"Plaintiffs further allege that it was an intended purpose of the guarantor, Canadian Pacific Railway Company, in the event of default of principal on said bonds, to continue to pay interest at the stipulated rate of five per cent per annum, payable as stipulated in said bonds."

This action of the court is assigned as prejudicial error in addition to the claim that the amended petition does state a cause of action.

Whether or not the alleged error in striking the foregoing allegations from the petition can be preserved when an amended petition was filed by Hawley upon leave of court asked for by him, it is not necessary to consider because in the judgment of this court these allegations add nothing to the clear import and intent of the express conditions of the bonds which, to repeat, are that the interest thereon was to be paid on the first days of January and July upon presentation to The Central Trust Company of New York "of the annexed coupons as they severally become due." All of the interest coupons were paid and none thereafter remained for presentation or payment, and that

is all that the guarantor agreed to do. It agreed unconditionally to pay the interest coupons ''at the place and time'' stipulated in the bond, and clearly it was not obligated to do more than that.

Thus viewing the questions presented on this appeal, this court concludes that the judgment of the Court of Common Pleas should be and therefore is affirmed.

*Judgment affirmed.*

OVERMYER and CARPENTER, JJ., concur.